UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREEN VALLEY TRADING COMPANY, ) ) ) ) Plaintiff ) ) v. ) ) OLAM AMERICAS, INC. ) ) Defendant. ) ) | Civil Action No. 19-11524-FDS |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is an action to compel arbitration and appoint an arbitrator. Jurisdiction is based on diversity of citizenship. In 2015, Green Valley Trading Company filed a complaint against Olam Americas, Inc., seeking $83,180.40 allegedly due under a contract to purchase coffee. In 2017, the parties agreed to an arbitration agreement and dismissed that lawsuit.

The present complaint arises under that arbitration agreement. The agreement included a clause providing a method for the selection of an arbitrator, but the parties have been unable to agree on a candidate. Green Valley filed this complaint asking the court to appoint an arbitrator and compel arbitration pursuant to the agreement and Mass. Gen. Laws ch. 251 §§ 2 and 3. Olam has moved to dismiss the action for failure to state a claim.

For the reasons set forth below, the motion to dismiss will be denied.

## I. Background

The follow facts are presented as alleged in the complaint unless otherwise noted.

### A. Coffee Dispute

In May 2014, Green Valley Trading Company and Olam Americas, Inc., entered into a purchase contract for Bolivian Fair Trade Organic Coffee. According to Green Valley, and pursuant to the terms of the contract, it shipped and delivered coffee to Olam, which accepted the delivery.

On May 15, 2015, Olam paid Green Valley $36,496.31. According to Green Valley, however, it was owed $119,676.71 under the contract. It made repeated demands for the remaining $83,180.40 due.

On November 12, 2015, Green Valley filed an action against Olam in the Massachusetts Superior Court for Essex County. The complaint alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and a violation of Mass. Gen. Laws ch. 93A.

On December 28, 2015, Olam removed that case to this court. The case was then litigated for more than a year.

### B. Arbitration Agreement

In May 2017, the parties entered into an agreement to resolve the matter through arbitration. The parties stipulated to a dismissal of the lawsuit pursuant to Rule 41(a)(2).

The arbitration agreement is two pages long. Paragraph 3 of the agreement addresses the selection of the arbitrator. It states: "Within twenty (20) days of the date of the latest signature hereof, Green Valley and Olam will select a mutually agreeable single arbitrator with experience in commodity futures contracts for coffee, to preside over the arbitration[.]" (Not. of Removal, Ex. 3, 37).

### C. Alleged Failure to Arbitrate

The parties have not yet arbitrated their dispute. The sticking point appears to be the selection of a "mutually agreeable" arbitrator. Both parties have proposed arbitrators: Green Valley proposed seven candidates, including three former judges and four lawyers, and Olam proposed Richard Elkin, who it says is an individual with "experience in commodity futures contracts for coffee."

On May 6, 2019, Green Valley filed a complaint and petition to compel arbitration in the Massachusetts Superior Court. The complaint seeks an order from the Court appointing an impartial arbitrator and ordering arbitration pursuant to Mass. Gen. Laws ch. 251 §§ 2 and 3.[1]

On July 11, 2019, Olam removed the case to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332.

On July 15, 2019, Olam filed a motion to dismiss the complaint and a petition to compel arbitration. In substance, it contends that because the arbitration agreement includes a method to select arbitrators, and because Green Valley has not followed that method, the court lacks authority to appoint an arbitrator.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In

---

[1] The complaint cites only Mass. Gen. Laws ch. 251, § 2 in support of its requested relief that the court compel arbitration, but both the complaint and subsequent briefing raise the issue of the appointment of an arbitrator under § 3 as well.

other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III. <u>Analysis</u>

The Massachusetts Uniform Arbitration Act for Commercial Disputes, or Massachusetts Arbitration Act, addresses various substantive elements of arbitration agreements. *See generally* Mass. Gen. Laws ch. 251. Broadly speaking, the Act provides for the validity and enforceability of arbitration agreements and establishes rules governing arbitrators, courts, and parties when an arbitration agreement is present. *See id.* §§ 1-19. "Similar to the Federal [Arbitration] Act, the Massachusetts Act 'expresses a strong public policy favoring arbitration.'" *St. Fleur v. WPO Cable Systems/Mutron*, 450 Mass. 345, 349 (2008) (quoting *Home Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc.*, 403 Mass. 772, 774 (1989)).

The principal relevant portion of the Act is § 3, titled "Appointment of Arbitrators." Section 3 states as follows:

> If the arbitration agreement provides a method of appointment of arbitrators, such method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or if an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint an arbitrator. An arbitrator so appointed shall have all the powers of an arbitrator specifically named in the agreement.

4

Mass. Gen. Laws ch. 251, § 3. Defendant contends that this case must be dismissed because the arbitration agreement at issue provides a method of appointment of arbitrators; the agreement states that "such method shall be followed"; and as a factual matter it has not been followed. Plaintiff counters that when "the agreed method fails or . . . cannot be followed," the court has the power to appoint an arbitrator.

Under the circumstances, the complaint plausibly states a claim under the MAA. The court must "assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz*, 496 F.3d at 5. The complaint alleges that the parties entered into an arbitration agreement, that plaintiff has proposed various arbitrators, and the parties have not been able to agree on an arbitrator. (Compl. ¶ 8-10). Assuming the truth of those allegations, and giving plaintiff the benefit of all reasonable inferences, those facts state a claim under the statute.

Defendant contends that the case should nonetheless be dismissed for two reasons. First, it contends that plaintiff's version of the facts is untrue or incomplete—specifically, it contends that none of plaintiff's proposed arbitrators fit the criteria required by the agreement. Second, it contends that the MAA does not empower the court to appoint an arbitrator. Neither argument is persuasive, at least at this stage of the proceedings.

The legal standard applied at the motion-to-dismiss stage precludes defendant from succeeding on its first argument. Even if defendant's claim turns out to be true—that none of plaintiff's seven proposed arbitrators meet the criteria in the agreement, and that plaintiff has in fact failed to follow the terms of the agreement—that issue would one for summary judgment, not a motion to dismiss. The facts in the complaint, if plausible, are presumed to be true at this stage and other, external facts cannot provide the basis for dismissal under Fed. R. Civ. P.

12(b)(6).

Defendant's second argument is that Mass. Gen. Laws ch. 251, § 3 instructs courts to enforce arbitrator selection clauses and does not empower them to step in when such a clause exists. That argument has some support in caselaw. The SJC has described the statutory provision at issue as "direct[ing] that the parties' contractual provisions for appointing an arbitrator are to be followed in the first instance, and set[ting] up a default method of appointment if a contractually defined method is not available." *Katz, Nannis, & Solomon, P.C. v. Levine*, 473 Mass. 784, 792 (2016). The Massachusetts Appeals Court has also stated that § 3 "only requires the court to appoint an arbitrator if the arbitration agreement at issue fails to specify a method for doing so." *Kasparian v. Charles Schwab & Co., Inc.*, 2016 WL 857335 (Mass. App. Ct. 2016).

Nonetheless, and despite that language, the precise issue here has not been addressed by those courts. The issue here is not whether the contract provides for a method to select an arbitrator; it clearly does. Rather, the complaint alleges that the arbitrator selection method set forth the contract has "failed"—implicitly, although not expressly, because defendant has neither agreed to one of plaintiff's proposed arbitrators nor proposed a reasonable alternative.[2]

Contrary to defendant's argument, Mass. Gen. Laws ch. 251, § 3 appears to permit a court to appoint an arbitrator under such circumstances. The text of the statute states, in relevant part, that "if the agreed *method [of selection] fails or for any reason cannot be followed*, . . . , the court on application of a party shall appoint an arbitrator." *Id.* (emphasis added). Defendant has not cited any caselaw indicating that the statute does not mean what its plain language says. *Cf.*

---

[2] The complaint implies that the failure is defendant's fault. (Compl. ¶ 8). Defendant argues in its motion that in fact any failure is due to plaintiff's bad faith in nominating non-conforming arbitrators. (Def. Mot. 3-4).

6

*Roberto Constr. Co. v. Burnham-Manning Post Veterans of Foreign Wars, Inc.*, 347 Mass. 400, 404-5 (1964) (implying that if "[t]he record [had] sustained any contention that the defendant failed or refused to proceed to arbitration," then a court may have had authority to appoint an arbitrator). Instead, defendant only points to the first sentence of the clause—that selection methods shall "be followed"—and caselaw highlighting that text. But surely the Court cannot ignore the remaining portion of the text, which clearly empowers a court to appoint an arbitrator when "the agreed method fails or for any reason cannot be followed."

Additional support for that interpretation can be found in caselaw interpreting the analogous section of the Federal Arbitration Act. *Compare* Mass. Gen. Laws ch. 251, § 3 (quoted above) *with* 9 U.S.C. § 5 ("If . . . provision be made for a method of naming or appointing an arbitrator . . . , such method shall be followed; but if no method be provided therein, or if . . . any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator . . . , then upon the application of either party to the controversy the court shall designate and appoint an arbitrator . . . ."). One court "has interpreted the term 'lapse' to mean 'a lapse in time in the naming of the arbitrator . . . , or some other mechanical breakdown in the arbitrator selection process,'" and allowed for court appointment in those circumstances. *Global Reinsurance Corp.-U.S. Branch v. Certain Underwriters at Lloyd's of London*, 465 F. Supp. 2d 308, 310 (S.D.N.Y. 2006) (quoting *In re Salomon Inc. Shareholders Derivative Litigation*, 68 F.3d 554, 560 (2d Cir. 1995)).

In short, the text of Mass. Gen. Laws ch. 251, § 3, provides that if an agreed-upon method for appointment of arbitrators "fails" or "cannot be followed," the court "on application" shall appoint an arbitrator. Here, the complaint states a claim that the agreed method has "failed" or "cannot be followed," and that therefore the court has the power to appoint an arbitrator. The

7

motion to dismiss will therefore be denied.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>United States District Judge

Dated: January 7, 2020